**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANLING WANG,<br><br>                    Petitioner,<br><br>        v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 11-71716<br><br>Agency No. A088-453-768<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:      FISHER, GOULD, and BYBEE, Circuit Judges.

Yanling Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the difference between Wang's statement and testimony regarding her alleged past abortion, and the discrepancies in her testimony regarding her employment at Quilin. *See id.* at 1045-48 (adverse credibility determination was reasonable under "totality of the circumstances"). Wang's explanations, including memory problems, do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Wang's asylum and withholding of removal claims based on her alleged past abortion fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to consider any argument Wang now makes about a future fear of sterilization because she did not raise this to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-71716